JUSTICE COTTER
specially concurs.
¶40 I concur in the result reached by the Court, but would deem the arbitration clause unenforceable on alternative grounds.
¶41 Section 27-5-114, MCA, is a provision of the Uniform Arbitration Act entitled Validity of arbitration agreement - exceptions. Section 27-5-114(2), MCA, provides generally that a written agreement to submit to arbitration a controversy arising between the parties after the agreement is made is valid and enforceable except on legal or equitable grounds that exist for revocation of a contract. However, subsection (2)(b) goes on to provide that the provision does not apply to “any *264 contract by an individual for the acquisition of real or personal property, services, or money or credit when the total consideration to be paid or furnished by the individual is $5,000 or less.”
¶42 Prior to 1989, the statute provided that arbitration clauses in contracts in which the total payable consideration was $35,000 or less, were not subject to the enforcement provisions of the statute. In February 1989, Senator Bruce Crippen introduced SB 363, proposing to amend the statute. SB 363 was entitled:
An act allowing parties to a contract for the acquisition of real or personal property, services, or money or credit to agree to submit any future contractual disputes to arbitration, regardless of the dollar amount of the contract; deleting the dollar amount limitation for contracts that may contain such arbitration agreements.
Senator Crippen thus proposed to eliminate any dollar limitations for contracts that may contain enforceable arbitration agreements. During hearings on the bill in the House and Senate, proposals were made to lower the limitation rather than eliminate it altogether. Ultimately, the legislators agreed to the $5,000 limit that remains in place today. It does not appear that this Court has previously been called upon to apply this statute.
¶43 Kelker entered into a $600 payday loan with Geneva. According to the loan agreement, she would pay $180 in interest if the loan was paid on her nearest payday, for a total payment of $780. Clearly, even if Kelker was a few months late in making her payment, the total consideration she would have to pay would not exceed $5,000.
¶44 I appreciate that this argument was not advanced in the District Court, and I also appreciate that we do not typically determine cases on the basis of arguments not made. See Pinnow v. Mont. State Fund, 2007 MT 332, ¶ 15, 340 Mont. 217, 172 P.3d 1273 (citations omitted). However, because here we are dealing with the waiver of fundamental rights, including the right to access to the court system, the right to trial by jury, and the right to an appeal, and because our Legislature has made a policy determination with respect to what contracts should be subject to mandatory arbitration, I feel it appropriate and necessary to apply the statute. As Justice Baker observes in her Dissent, it is not unreasonable for states to impose more stringent standards for evaluating the waiver of fundamental rights. Dissent, ¶ 55.
¶45 The Legislature of Montana has declared that arbitration clauses contained in contracts are enforceable when the total consideration to be paid is over $5,000. The corollary, of course, is that arbitration clauses contained in contracts when the total consideration is under *265 $5,000 are not enforceable. I would apply the provisions of § 27-5-114(2)(b), MCA, to this contract, and declare the arbitration clause unenforceable under the facts before us here.
¶46 I therefore specially concur.